IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH J. TAGGART, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
|     v. | : | |
| | : | |
| WELLS FARGO HOME | : | |
| BANK  N.A., et. al. | : | No. 12-cv-3177 |
|     Defendants. | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                                                                      June 17, 2013

    This lawsuit is one of seventeen actions initiated by *pro se* Plaintiff, Kenneth Taggart, over the last four years concerning his various properties.[1]  The claims asserted in this case are nearly identical to those asserted in Taggart v. Wells Fargo Home Mortgage, Inc., et al., No. 10-843, a lawsuit also currently before me. Defendants' have filed a motion to dismiss, which I will grant.

    **I.**    **Background**

    Plaintiff brings this action against Wells Fargo Bank, N.A., and Wells Fargo Home Mortgage, Blank Rome, LLP, and Gregory Vizza and John Lucian, two attorneys who are employed by Blank Rome, LLP.  Plaintiff states that on June 4, 2010 and July 23,

---

[1] See Taggart v. Deutsche Bank Nat'l Co., et al., No. 12-4455; Taggart v. GMAC Mortgage LLC, et al., No. 12-4077; Taggart v. Wells Fargo Bank, N.A., et al., No. 12-2359; Taggart v. County of Montgomery, et al., No. 12-1913; Taggart v. GMAC Mortgage LLC, et al., No. 12-415; Deutsche Bank Nat'l Trust Co. v. Taggart, No. 11-4668; Taggart v. Franconia Township, et al., No. 10-2725; Wells Fargo Bank, N.A. v. Taggart, No. 10-2657; GMAC Mortgage LLC, et al., v. Taggart, No. 10-2393; Taggart v. BAC Home Loans Servicing, LP, No. 10-1223; Taggart v. Wells Fargo Home Mortgage, Inc., et al., No. 10-843; Taggart v. Chase Bank, USA N.A., et al., No. 09-3761; Taggart v. Greenpoint Mortgage Funding Inc., et al., No. 09-3417; Taggart v. Greenpoint Mortgage Funding Inc., et al., No. 09-3416; Taggart v. Chase Bank, USA N.A., et al., No. 09-1533; Taggart v. Northwest Mortgage, Inc., et al., No. 09-1281.

2010 the Defendants submitted personal information in court records pertaining to the Civil Action No. 10-843-LS.[2]  As a result of this, Plaintiff alleges he "had an ATM/debit card number used by another party who stole such information in several transactions not long after the [mortgage loan number] was exposed to the public [on Pacer]" and that "this information was obtained at least in part from the exposure [of the mortgage loan number] or completely from the exposure [of the mortgage loan number] to the internet [on Pacer]." Compl., ¶ 15.

## II.     Standard of Review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The factual allegations must be sufficient to make the claim for relief more than just speculative.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim.  Conley, 355 U.S. at 47.  Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.  The "complaint must

---

[2] This information was later redacted by court order.

allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564.  Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true.  See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).  The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

Finally, Rule 9(b) applies "not only to fraud actions under federal statutes, but to fraud claims based on state law."  Christidis v. First Pennsylvania Mortg. Trust, 717 F.2d 96, 99 (3d Cir. 1983).  Rule 9(b) requires the plaintiff plead "the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior."[3]  Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004) (quoting Seville Industrial Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984)).

### III.   Argument

Plaintiff's first claim alleges violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., but does not cite to any provision of this statute that was allegedly violated.  He alleges that each of the Defendants submitted his personal

---

[3] A complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  See 15 U.S.C. § 78u-4(b)(2); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 314 (2007).

information maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights.  This claim, under these same facts, was specifically addressed by Judge McLaughlin in her disposal of Plaintiff's suit against Defendants filed in March 2009.[4] Judge McLaughlin stated "…the FCRA regulates accurate credit reporting.  These credit and debt reporting regulations are not implicated by this inadvertent, good-faith disclosure to the Court."  Taggart v. Norwest Mortgage, Inc., et al., No. 09-01281 (March 3, 2009).

Plaintiff's second claim alleges "tortious actions" and that Wells Fargo and Blank Rome "violated the 2nd Restatement of Torts."  Compl. ¶ 23.  He alleges that as a result of the Defendants' intentional and malicious actions he has suffered emotional damages.  In his motion in opposition to Defendants motion to dismiss, Plaintiff also mentions that Defendants were negligent in their actions.[5]  Moreover, Plaintiff fails to draw any link to the disclosed loan numbers and the stolen debit/ATM card.  As Defendants stated in their brief, the loan number at issue was "not an open-end loan, such as a credit card or home equity line of credit.  It [was] a closed-end loan in which funds were distributed and [were] required to be repaid … one cannot use a mortgage account number to make debit card purchases."  (Doc. No. 3).  Additionally, Defendants also point out that the loan

---

[4] In that case, "The plaintiff's proposed third amended complaint allege[d] that defense counsel John Lucian and Gregory Vizza and their firm Blank Rome LLP "submitted personal, private and defamatory information to the court on April 21, 20210, and July 20, 2009."  Although the dates differ from the allegations in the current Complaint, it is clear that the substance is the same; Plaintiff is suing Defendants for "submitting to the Court an unredacted copy of the plaintiff's residential loan application."  Taggart v. Norwest Mortgage, Inc., et al., No. 09-01281 (March 3, 2009).

[5] Additionally, Mr. Taggart does not allege that he lost any money as a result of the alleged use of his ATM card and the amount of such loss.  Further, he has not explained how he has incurred $10,000,000 in damages.

number appears on the mortgage instrument publicly filed with the Recorder of Deeds of Montgomery County, Pennsylvania.

Plaintiff's third claim appears to allege a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1, et seq., likely sections 73 P.S. § 201-2(4)(xxi).[6]  This section provides that a person violates the UTPCPL by "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi).  In order to establish a cause of action under this "catch-all" provision, a plaintiff must prove elements of common-law fraud.  See Tran v. Metropolitan Life Ins. Co., 408 F.3d 130, 140-41 (3d Cir. 2005) (interpreting existing Pennsylvania state court precedent as requiring those suing under the UTPCPL to make out the elements of common law fraud); Toy v. Metropolitan Life Ins. Co., 863 A.2d 1, 9-11 (Pa. Super. Ct. 2004) (UTPCPL claims must meet the elements of common law fraud); Booze v. Allstate Ins. Co., 750 A.2d 877, 880 (Pa. Super. Ct. 2000) (holding same).

The Plaintiff has not stated anything beyond vague allegations that (1) a source of law exists and (2) the Defendants violated it.  A *pro se* plaintiff must make some effort to explain how the various statutory provisions he cites have been violated.  Plaintiff alleges that as a result of the exposed information, he will suffer a higher risk of identity theft and have his personal and private financial information exposed for the remainder of his

---

[6] The statute lists twenty specific prohibited practices, 73 Pa. Stat. Ann. § 201-2(4)(i)-(xx), and also contains a "catch-all" provision, § 201-2(4)(xxi), which is the only provision providing a private right of action against a person engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding. 73 Pa. Stat. Ann. § 201-2(4)(xxi).

life.  Not only are there simply no allegations that Plaintiff was defrauded, he has failed to allege with particularity any type of fraudulent conduct on the part of Defendants. [7]

Plaintiff has failed to state a cause of action against these Defendants under the same factual circumstances as an earlier case, which was dismissed by Judge McLaughlin.  I find that Plaintiff cannot make any allegations that would establish a cause of action under any of these statutes or under common law.  Although Plaintiff is *pro se*, his experience with the court system has provided him with far greater knowledge than a typical unrepresented party, and he should be aware that his numerous cases against Wells Fargo and Blank Rome are an abuse of the judicial process.  Therefore, I will dismiss his claims with prejudice.

## IV.   Conclusion

For the reasons stated above, I will grant the Defendants' motion and dismiss the case with prejudice.

An appropriate Order follows.

---

[7] Finally, Defendant argues that Plaintiff failed to properly serve Defendants and Plaintiff's complaint should be dismissed under Fed. R. Civ. P. 12(b)(5).  They argue that proper service of Wells Fargo is not present on the docket nor are they aware of any proper service. Additionally, Plaintiff "served" the other defendants by leaving copies of the complaint with the receptionist at Blank Rome, which is insufficient to effectuate service of process on individual Blank Rome attorneys as well as Blank Rome as a Pennsylvania limited liability partnership.  Although, I agree that process is insufficient under 12(b)(5), I will dismiss on the grounds that Plaintiff has not and cannot plead facts to establish a cause of action against the Defendants and will dismiss this case with prejudice.